UNITED STATES of America, Plaintiff-Appellee,

v.

Samuel Aderemi IGBATAYO, Defendant-Appellant.

No. 84–2621
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 19, 1985.

Rene Rodriguez (Court appointed), Corpus Christi, Tex., for defendant-appellant.

Henry K. Oncken, U.S. Atty., Susan L. Yarbrough, James R. Gough, Asst. U.S.

**1040**

Attys., Houston, Tex., for plaintiff-appellee.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

PER CURIAM:

Samuel Aderemi Igbatayo appeals his conviction for violation of 18 U.S.C. § 922(a)(6), which makes it unlawful "for any person in connection with the acquisition or attempted acquisition of any firearm [from a licensed dealer] knowingly to make any false or fictitious oral or written statement ... intended or likely to deceive such [dealer] with respect to any fact material to the lawfulness of the sale...." This conviction came about in the following fashion: In 1981 Igbatayo, a Nigerian national, was admitted to the United States on student non-immigrant status. This status was to continue until December 20, 1984, and was conditioned on his pursuing a full course of study. See 8 U.S.C. § 1101(a)(15)(F)(i); 8 C.F.R. § 214.2(f)(5)–(6) (1985). Igbatayo received a master's degree from the Texas Arts and Industry University in December 1982; after receiving this degree he did not re-enroll as a full-time student, but remained in the United States. In February 1984, Igbatayo ordered a .22 caliber rifle from Paul Basca, a federally-licensed firearms dealer. In conjunction with this purchase, Igbatayo completed Alcohol, Tobacco, and Firearms Division Form 4473, on which question 8(g) asks whether the purchaser of the firearm is an alien "illegally in the United States." Igbatayo answered this question in the negative. On May 24, 1984, an immigration judge ordered Igbatayo's deportation as a result of his failure to maintain student status as required by his visa.

Igbatayo was indicted and convicted by a jury on the basis of his negative answer to question 8(g) on form 4473. The only issue of any note which Igbatayo raises in this appeal is whether he was an "illegal alien" prior to the date that he was actually ordered deported. Igbatayo argues that the language of 8 U.S.C. § 1251(a)(9), which provides "Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—... was admitted as a non-immigrant and failed to maintain the non-immigrant status in which he was admitted ...," merely renders him "deportable," not "illegal."

This argument is not convincing. Although the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., does not define the term "illegal alien," it is clear that an alien who is in the United States without authorization is in the country illegally. After failing to maintain the student status required by his visa, Igbatayo was without authorization to remain in this country. He thus was in the same position legally as the alien who wades across the Rio Grande or otherwise enters the United States without permission.

Igbatayo's challenges to the sufficiency of the evidence supporting his conviction are also without merit. His challenge to the sufficiency of the information under which he was charged also fails, since it is clear that read as a whole and in a practical fashion, the information gave Igbatayo entirely adequate notice of the charge and its elements. See *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *United States v. Lennon*, 751 F.2d 737, 743 (5th Cir.1985).

AFFIRMED.