**UNITED STATES of America**

**v.**

**Randal Adolphus BRISSETT.**

**Crim. No. H–88–325.**

United States District Court,
S.D. Texas,
Houston Division.

Sept. 20, 1989.

Gary L. Cobe, Asst. U.S. Atty., Houston, Tex., for plaintiff.

Greg Gladden, Richard Prinz, Houston, Tex., for defendant.

## ORDER

HITTNER, District Judge.

Defendant Randal Adolphus Brissett ("Brissett") stands charged in a two-count indictment. Count one alleges that under 18 U.S.C. § 922(a)(6) (Supp. IV 1986), Brissett made false or fictitious statements in connection with the acquisition of a firearm on or about July 9, 1987. The indictment alleges that the defendant represented, contrary to fact, that he was not an alien illegally in the United States when he obtained the weapon. Count two charges Brissett, under 18 U.S.C. § 922(g)(5) (Supp. IV 1986), with knowing receipt and possession of a firearm on or about July 9, 1987, at a time when he was an alien illegally in the United States.

The Court finds that because the defendant had an application for adjustment of status to permanent resident pending at the time he obtained the firearm, he was not an alien illegally or unlawfully in the United States. The Court therefore dismisses the indictment.

Both parties stipulated before trial that Brissett purchased a Colt .357 caliber Magnum revolver from the Big State Pawn Shop No. 11 in Houston, Texas on July 9, 1987. There are no factual disputes between the parties; the case is submitted solely on the legal issue of whether the

defendant was an alien illegally or unlawfully in the United States at the time he purchased the weapon.

The defendant entered the United States on September 2, 1985 pursuant to a visitor's visa. The visa expired on September 11, 1985, but Brissett did not depart the country on that date. As of September 11, 1985, therefore, Brissett was an alien illegally in the United States.

Brissett married his current wife, a United States citizen, on January 26, 1987. On April 8, 1987, Brissett and his wife filed a petition for alien relative (Form I–130) and an application for adjustment of status to permanent resident (Form I–485) with the United States Immigration and Naturalization Service ("INS") in Houston. The INS denied Brissett's application for adjustment of status to permanent resident on July 30, 1987.

No published opinion has apparently addressed the precise question of whether an alien applicant for adjustment of status to permanent resident is "illegally" or "unlawfully" in the United States within such firearm statutes as 18 U.S.C. 922(a)(6), (g)(5) (Supp. IV 1986). The government urges the Court to follow *United States v. Igbatayo*, 764 F.2d 1039 (5th Cir.), *cert. denied*, 474 U.S. 862, 106 S.Ct. 177, 88 L.Ed.2d 147 (1985). The *Igbatayo* defendant, who was indicted under one of the criminal statutes at issue here, was a Nigerian national whose student visa had expired at the time he acquired a firearm. The *Igbatayo* court recognized that "the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., does not define the term 'illegal alien'" and held that "illegally" within the meaning of the criminal statute meant "without authorization." *Id.* at 1040. The court found that "[a]fter failing to maintain the student status required by his visa, [the defendant] was without authorization to remain in this country. He thus was in the same position legally as the alien who wades across the Rio Grande or otherwise enters the United States without permission." *Id.*

This Court finds that the *Igbatayo* defendant's status is inapposite to the instant case. An alien applicant for adjustment of status to permanent resident is not "without authorization" to remain in the United States, and thus is not "illegally" or "unlawfully" in the country within the criminal statutes invoked in this case. United States immigration regulations permit an applicant for adjustment of status to permanent resident under 8 U.S.C. § 1255 (1982 & Supp. IV 1986) to remain in the country pending disposition of the application. Under 8 C.F.R. § 274a.12 (1988), an alien who has filed an application for adjustment of status to permanent resident may obtain employment authorization in increments not exceeding one year while the application is pending. Under INS operations instruction 242.1a(23), an INS district director ordinarily will not institute deportation proceedings against an alien applicant for adjustment of status to permanent resident while the application is reviewed. (The exceptions to this rule are for petitions deemed "frivolous" or cases in which "substantial adverse factors" exist.) Immigration and Naturalization Service Operations Instructions 242.1a(23), *Immigration L. Serv.: Primary Source Documents* (LCP–BW) (1987). Pending disposition of their applications, applicants for adjustment of status may be considered "permanent" residents for purposes of eligibility for public benefits such as supplemental security income, Medicaid, and food stamps. *See* Rubin, *Walking a Gray Line: The "Color of Law" Test Governing Noncitizen Eligibility for Public Benefits*, 24 San Diego L.Rev. 411, 432 (1987). This treatment of applicants for adjustment of status indicates that they are not "without authorization" to remain in the United States. They are thus not "illegally" or "unlawfully" in the United States within the statutes under which Brissett was indicted.

Accordingly, this Court

ORDERS that the indictment issued against Defendant Brissett is hereby DISMISSED.